### JAMES S. ERWIN v. JACOB J. DETWILER.

Argued June 11, 1907—Decided November 11, 1907.

In an action to recover money paid on account of the purchase price of bonds upon the ground that the purchaser has rescinded the sale for fraud, it is not sufficient to show an offer more than a year after the sale to assign all the right, title and interest of the purchaser in the bonds.

On demurrer to declaration.

Before Justices GARRISON and SWAYZE.

For the plaintiff, *Maximilian T. Rosenberg.*

For the defendant, *J. Merritt Lane.*

The opinion of the court was delivered by

SWAYZE, J. The count demurred to is, in substance, a count in assumpsit for money paid on account of the purchase price of certain bonds, and the claim is that the plaintiff was induced to purchase by the fraud of the defendant. We think the demurrer must be sustained because the count fails

to aver a proper rescission of the contract. The count avers that the plaintiff agreed on July 11th, 1902, to purchase the bonds for $4,000 and brokerage fees; that he paid and obligated himself to pay therefor the sum of $9,000; that on December 28th, 1903, he learned that the statements made by the defendant were false and fraudulent, and thereupon elected to rescind and notified the defendant in writing of his election, a copy of which notice is annexed and made part of the declaration. The notice tenders an assignment of all the plaintiff's right, title and interest of, in and to the bonds, and an order upon a trust company to deliver the same. The deed of assignment and the order upon the trust company are also made part of the declaration, and purport to transfer to the defendant only the right, title and interest of the plaintiff. We are left in the dark as to what that right, title and interest may have been. It may have been something very different from the absolute ownership acquired by the plaintiff more than a year before. The statement in the notice that the bonds were in the custody of the trust company at the time of the sale and had so remained is of no importance for the present purpose; it does not amount to an averment in the declaration of the fact, and even if it did, would not tend to show that the plaintiff's offer was to restore to the defendant all that he had received. The general rule as to the necessity of restitution in order to make a rescission of the contract is well settled. *Byard* v. *Holmes,* 4 *Vroom* 119; *Doughten* v. *Camden Building and Loan Association,* 14 *Stew. Eq.* 556. No facts are set forth to bring the present case within any of the exceptions to the rule. The defendant is entitled to judgment on the demurrer.