EDWARD A. HIGGINS, PLAINTIFF-APPELLANT, v. FIRST NATIONAL BANK OF SOUTH AMBOY, DEFENDANT-APPELLEE.

Argued October 2, 1935—Decided February 17, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the plaintiff-appellant, *David I. Stepacoff.*

For the defendant-appellee, *John A. Lovely (Robert H. McCarter,* of counsel).

BROGAN, CHIEF JUSTICE. The plaintiff appeals from a judgment of nonsuit awarded to the defendant.

The grounds of appeal are seven in number, the first six of which charge the trial court with error in granting the nonsuit. The seventh is related thereto although in form it does not make out a challenge to any judicial action.

The complaint alleges that the plaintiff was a depositor in the defendant bank and on June 15th, 1929, deposited $2,660.15 to his account. It further alleges that plaintiff was indebted to the bank in the sum of $300 and that the balance of $2,360.15, belonging to him, was wrongfully appropriated by the defendant to its own use. The bank answers by saying that this sum was used by it at the direction of the plaintiff to take up certain notes of John J. and Mary M.

Ryan, aggregating $2,650, leaving a balance of $10.15 which it paid to the plaintiff. To this the plaintiff replied, saying that the defendant fraudulently represented to him that he was liable on the Ryan notes when in fact he was not liable and, relying upon that misrepresentation, he paid these notes by check, to his damage, as stated.

At the trial, according to the plaintiff's testimony, it appeared that certain building and loan shares owned by him had matured and that the stock certificates representing these holdings had been lodged with the bank as collateral security for a loan. The president of the bank, who was also the president of the building and loan association, had the check representing the value of these shares, which was placed to the credit of the plaintiff. This official, according to the plaintiff, told him that he was liable on notes, $2,350 in amount, held by the bank, which were executed by John J. and Mary M. Ryan, who were relatives of the plaintiff, and he, upon this representation, thereupon signed a check in the amount of $2,650 and paid off the so-called Ryan notes upon which plaintiff says he later discovered he was not liable as endorser or otherwise. The defendant returned the Ryan notes to the plaintiff about three weeks later and ever since he has retained them in his possession.

The transaction in question happened on June 15th, 1929. This suit was started on May 23d, 1934, the plaintiff offering as explanation for the delay the fact that at the time, in 1929, he was in need of an additional loan of $3,500, which he subsequently borrowed from the defendant, and that he hesitated to assert his rights during the interval since he still had this second obligation to the defendant, fearing that the bank might call the loan or foreclose a mortgage which he gave as security therefor.

The trial court held the motion for a nonsuit at the close of the plaintiff's case until the defense was in and at the end of the entire case granted a motion to nonsuit upon which an appropriate judgment was entered.

In support of the motion, it was urged that before the plaintiff might bring his action for this deceit, he had the duty of restoring the opposing party to the *status quo* existing before

the event, which here would be to have returned the Ryan notes. Admittedly this had not been done. In the case before us there is no averment of rescission and no proof that the notes were valueless. Recovery for fraud cannot be had where the party repudiates the transaction and yet retains the fruits of it.

The rule is that a party seeking a recovery of what he has paid out, on the ground of fraud, must, within a reasonable time and prior to suit, return, or tender a return of, that which he has received and then sue to recover back what he has paid on the contract. *Byard* v. *Holmes,* 33 *N. J. L.* 119.

It is settled that where a party seeks to be relieved from a contract on the ground that it was induced by fraud, he must, except so far as he has some legal excuse for failure, restore his adversary to the position he was in at the time of the contract and that there can be no rescission as long as he retains anything received under the contract which he might have returned and the withholding of which might be injurious to the other party. *Roberts* v. *James,* 83 *N. J. L.* 492; 85 *Atl. Rep.* 244; *Doughten* v. *Camden Building and Loan,* 41 *N. J. Eq.* 556; 7 *Atl. Rep.* 479; *Erwin* v. *Detwiler,* 75 *N. J. L.* 420; 67 *Atl. Rep.* 932. Many other authorities to the same effect might be cited.

Under these circumstances, the granting of motion for nonsuit was, in our judgment, correct.

The judgment is affirmed, with costs.